**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

DEON R. DAVIS,  :
                        :   Civil Action No. 08-3672 (RBK)
     Petitioner,  :
                        :
     v.           :   **OPINION**
                        :
KAREN BALICKI,  :
                        :
     Respondent.  :

**APPEARANCES:**

Petitioner pro se
Deon R. Davis
#406553/525727B
South Woods State Prison
215 Burlington Rd. South
Bridgeton, NJ 08302

Counsel for Respondent
Gregory Glenn Waterston
Salem County Prosecutor's Office
Salem County Courthouse
87 Market Street
Salem, NJ 08079

**KUGLER**, District Judge

Petitioner Deon R. Davis, a prisoner currently confined at South Woods State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The sole respondent is Karen Balicki.

For the reasons stated herein, the Petition must be denied.

I.   BACKGROUND

A.   Factual Background

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[1]

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a

> The facts giving rise to the charges against defendant are as follows.  On September 25, 1998, defendant went to the Rite-Aid where his former girlfriend worked and began stabbing her with a screwdriver.  He repeatedly told her that he would kill her.  A security guard intervened and wrestled with defendant to get the screwdriver and protect the victim.  When the police arrived on the scene, they ordered defendant to drop the weapon and placed him under arrest.  As defendant was taken to the police station, he repeatedly said that he "tried to kill the bitch," "Did I kill the bitch?" and "I hope she's dead."

(Opinion of Appellate Division at 2-3 (April 4, 2008).)

B.   Procedural History

Deon Davis was tried by a jury in the Superior Court of New Jersey, Law Division, Salem County (docket number 99-02-00065-I) and was found guilty on February 23, 2000 of second degree aggravated assault, N.J.S.A. 2C:12-1b(1); third degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4d; fourth degree unlawful possession of a weapon, N.J.S.A. 2C:39-5d; third degree terroristic threats, N.J.S.A. 2C:12-3b; and first degree attempted murder, N.J.S.A. 2C:11-3.

After the verdict was entered, Petitioner appealed that sentence to the Superior Court of New Jersey, Appellate Division (docket number A-5793-99T4), and his conviction and sentence were affirmed on December 17, 2001. His Petition for certification was denied by the Supreme Court on April 25, 2002.  Petitioner then

---

person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

filed a Petition for Post Conviction Relief (PCR) in the Superior Court of New Jersey, Law Division, Salem County on November 1, 2002. On January 23, 2003 the Petition for PCR was granted in part. The sentence on attempted murder was amended and the balance of the Petition was denied. The PCR decision was affirmed in part and denied in part by the Appellate Division on February 18, 2004. The remand hearing was conducted on May 26, 2006 and the trial court issued a remand opinion on that same date. Petitioner then filed an appeal to the remand opinion; that appeal was denied April 4, 2008.

## II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II).  A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly declined to decide the latter). Id. at 407-09.  To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. Id. at 409.  In determining whether the state court's application

4

of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of inferior federal courts. Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

Even a summary adjudication by the state court on the merits of a claim is entitled to § 2254(d) deference. Chadwick v. Janecka, 302 F.3d 107, 116 (3d Cir. 2002) (citing Weeks v. Angelone, 528 U.S. 225, 237 (2000)). With respect to claims presented to, but unadjudicated by, the state courts, however, a federal court may exercise pre-AEDPA independent judgment. See Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000), cert. denied, 532 U.S. 924 (2001); Purnell v. Hendricks, 2000 WL 1523144, *6 n.4 (D.N.J. 2000). See also Schoenberger v. Russell, 290 F.3d 831, 842 (6th Cir. 2002) (Moore, J., concurring) (and cases discussed therein).

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal caselaw, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent." Priester v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v. Packer, 537 U.S. 3 (2002); Woodford v. Visciotti, 537 U.S. 19 (2002)).

Although a petition for writ of habeas corpus may not be granted if the Petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits

5

notwithstanding the petitioner's failure to exhaust his state court remedies.  See 28 U.S.C. § 2254(b)(2); Lambert v. Blackwell, 387 F.3d 210, 260 n.42 (3d Cir. 2004); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III.  ANALYSIS

A.  Claims Regarding Trial Court Errors (Grounds 1, 9, 12, 13, 21, 22).

The Appellate Division reviewed and rejected Petitioner's claims regarding trial court errors.

It is well-established that the violation of a right created by state law is not cognizable as a basis for federal habeas relief.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 680 (1990))).  Accordingly, Petitioner cannot obtain relief for any errors in state law evidentiary rulings, unless they rise

to the level of a deprivation of due process. Estelle, 502 U.S. at 70 ("'the Due Process Clause guarantees fundamental elements of fairness in a criminal trial'") (quoting Spencer v. Texas, 385 U.S. 554, 563-64 (1967).

For a habeas petitioner to prevail on a claim that an evidentiary error amounted to a deprivation of due process, he must show that the error was so pervasive as to have denied him a fundamentally fair trial. Keller v. Larkins, 251 F.3d.

Even so, a review of the record shows no evidentiary error on behalf of the trial court.

To the extent that Petitioner brings claims related to the right to confront witnesses, the Appellate Court noted:

> With respect to his Crawford argument, defendant contended that "[t]he victim's family statement to police went directly to the extent of the offenses charged." He claims that since there was no medical evidence admitted at trial on the extent of the victim's injuries, the allegations of aggravated assault and attempted murder were based solely upon the family's statement which he was not permitted to cross-examine in violation of Crawford v. Washington. There is no merit to that argument.
>
> We first note that defendant was sentenced on April 25, 2000. Our decision on direct appeal was rendered on December 17, 2001 and the Supreme Court denied certification on April 25, 2002. Consequently, defendant's appeals were not in the pipeline when Crawford was decided on March 8, 2004 and it cannot be applied retroactively.
>
> Even if we were to address the merits of defendant's Crawford claim, we find no merit in it.
>
> [...]
>
> The record demonstrates that there was sufficient evidence to prove attempted murder beyond a reasonable doubt without

>   reference to the family's statement, and there was no
>   <u>Crawford</u> violation with respect to that charge.
>
>   (Opinion of Appellate Division at 9-11 (April 4, 2008)
>   (internal citations omitted).)

The Sixth Amendment's Confrontation Clause provides that, "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him."  The Supreme Court has traced the historical roots of the Confrontation Clause and has emphasized that not all hearsay implicates the Confrontation Clause.  <u>See generally</u> <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).  In <u>Crawford</u>, the Supreme Court stated:

>   Where nontestimonial hearsay is at issue, it is wholly
>   consistent with the Framers' design to afford the
>   States flexibility in their development of hearsay law
>   -- as does <u>Roberts</u>, and as would an approach that
>   exempted such statements from Confrontation Clause
>   scrutiny altogether.  Where testimonial evidence is at
>   issue, however, the Sixth Amendment demands what the
>   common law required:  unavailability and a prior
>   opportunity for cross-examination.

<u>Crawford</u>, 541 U.S. at 68.  In this case, the statement that Petitioner challenges was made by the victim's family outside of trial and thus <u>Crawford</u> would not be applicable.

Petitioner has not demonstrated that the actions of the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." As such, all grounds related to trial court error will be denied.

B.  Claims Regarding Jury Charge (Grounds 5, 7)

Generally, a jury instruction that is inconsistent with state law does not merit federal habeas relief. Where a federal habeas petitioner challenges jury instructions given in a state criminal proceeding,

> [t]he only question for us is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." It is well established that the instruction "may not be judged in artificial isolation," but must be considered in the context of the instructions as a whole and the trial record. In addition, in reviewing an ambiguous instruction ..., we inquire "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way" that violates the Constitution. And we also bear in mind our previous admonition that we "have defined the category of infractions that violate 'fundamental fairness' very narrowly." "Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation."

Estelle v. McGuire, 502 U.S. 62, 72-73 (1991) (citations omitted). Thus, the Due Process Clause is violated only where "the erroneous instructions have operated to lift the burden of proof on an essential element of an offense as defined by state law." Smith v. Horn, 120 F.3d 400, 416 (1997). See also In re Winship, 397 U.S. 358, 364 (1970) ("the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the

crime with which he is charged"); Sandstrom v. Montana, 442 U.S. 510, 523 (1979) (jury instructions that suggest a jury may convict without proving each element of a crime beyond a reasonable doubt violate the constitutional rights of the accused).

In this case, the state courts did not find any error under state law with the charges, and this Court cannot identify any error on the part of the trial court that would rise to the level of a Constitutional violation.  Petitioner has not shown that his trial was so prejudiced by the failure to give certain jury charges that the principles of fundamental fairness and due process were violated.  Petitioner's conviction did not violate due process and was not fundamentally unfair.  As such, relief on this ground is not warranted.

C.   Claims Regarding Jury Indictment (Ground 8)

The Fifth Amendment right to a grand jury presentation in felony cases is not applicable to the states.  Alexander v. Louisiana, 405 U.S. 625, 633 (1972).  Thus, any claim of defect in a state grand jury proceeding is a claim of a state-law error that does not raise federal constitutional concerns unless it rises to the level of a due process deprivation.  See Estelle v. McGuire, 502 U.S. 62, 68 (1991).  Cf. U.S. v. Console, 13 F.3d 641, 671-72 (3d Cir. 1993) (with the exception of a claim of racial discrimination in the selection of grand jurors, a petit

10

jury's guilty verdict renders harmless any prosecutorial misconduct before the indicting grand jury) (citing Vasquez v. Hillery, 474 U.S. 254 (1986)).  Where any error in a state grand jury proceeding is rendered harmless by a subsequent petit jury verdict, there is no due process deprivation.  See, e.g., Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989); United States v. Mechanik, 475 U.S. 66, 72-73 (1986) (involving a violation of Fed.R.Crim.P. 6(d)).

Here, the petit jury found Petitioner guilty of the crimes charged beyond a reasonable doubt, rendering harmless any error in the state grand jury proceedings.  Petitioner is not entitled to relief on this claim.

D.   Claims Regarding Prosecutorial Misconduct (Grounds 2, 6).

Petitioner alleges that he was deprived of his constitutional right to a fair trial because of the prosecutor's remarks during the closing statement in which the prosecutor mentioned Davis's failure to testify and stated that the best evidence in the case is Davis's own words.

The U.S. Supreme Court has recognized the obligation of a prosecutor to conduct a criminal prosecution with propriety and fairness.

> He may prosecute with earnestness and vigor – indeed, he should do so.  But, while he may strike hard blows, he is not at liberty to strike foul ones.  It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

11

> ... Consequently, improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none.

Berger v. United States, 295 U.S. 78, 88 (1935).  "The line separating acceptable from improper advocacy is not easily drawn; there is often a gray zone.  Prosecutors sometime breach their duty to refrain from overzealous conduct by commenting on the defendant's guilt and offering unsolicited personal views on the evidence."  United States v. Young, 470 U.S. 1, 7 (1985).

> The prosecutor's vouching for the credibility of witnesses and expressing his personal opinion concerning the guilt of the accused pose two dangers: such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.

Id. at 18.

Under U.S. Supreme Court precedent, where a prosecutor's opening or closing remarks are challenged in habeas, "[t]he relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"  Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637 (1974)).  In evaluating the likely effect of improper comments, a court may consider whether the improper comments were

12

invited by or responsive to prior comments by opposing counsel. Darden, 477 U.S. at 181-82.  Thus, "Supreme Court precedent counsels that the reviewing court must examine the prosecutor's offensive actions in context and in light of the entire trial, assessing the severity of the conduct, the effect of the curative instructions, and the quantum of evidence against the defendant." Moore v. Morton, 255 F.3d 95, 107 (3d Cir. 2001).

On direct appeal, the Appellate Division rejected Petitioner's claims of prosecutorial misconduct.

> We have reviewed the prosecutor's summation in light of defendant's contentions and find no impropriety, much less one that achieves the level of plain error.  R. 2:10-2.  The absence of objection at trial indicates that defense counsel did not then believe the comments were prejudicial. [citations omitted].  Read in context, the prosecutor's remarks were directed at comments made by defense counsel in summation and to the strength of the State's case.  They cannot be properly construed as comment or criticism of defendant's right to remain silent.

(Opinion of Appellate Division at 5 (December 17, 2001).)

Here, this Court agrees with the Appellate Division that the prosecutor's behavior did not deprive Petitioner of a fair trial. Petitioner was not denied due process and as such is not entitled to relief.

E.  Claim Regarding Sentence (Ground 10).

In Ground Ten, Petitioner asserts that the sentence for both attempted murder and terroristic threats are improper and punish him twice for the same offense.

A federal court's ability to review state sentences is limited to challenges based upon "proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigencies." See Grecco v. O'Lone, 661 F.Supp. 408, 415 (D.N.J. 1987) (citation omitted). Thus, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a separate federal constitutional limitation. See Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3d Cir. 1984). See also 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991).

"The Eighth Amendment, which forbids cruel and unusual punishments, contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" Ewing v. California, 538 U.S. 11, 20 (2003) (citations omitted). The Supreme Court has identified three factors that may be relevant to a determination of whether a sentence is so disproportionate to the crime committed that it violates the Eighth Amendment: "(1) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." Solem v. Helm, 463 U.S. 277, 292 (1983). Additionally, Justice Kennedy has explained that Solem does not mandate comparative analysis within and between jurisdictions, see Harmelin v. Michigan, 501 U.S. 957, 1004-05

14

(Kennedy, J., concurring in part and concurring in judgment), and he has identified four principles of proportionality review--"the primacy of the legislature, the variety of legitimate penological schemes, the nature of our federal system, and the requirement that proportionality review be guided by objective factors"--that "inform the final one: The Eighth Amendment does not require strict proportionality between crime and sentence.  Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime," id. at 1001 (citation omitted) quoted with approval in Ewing, 538 U.S. at 23.

> As to this issue, the Appellate Division held that:
>
> In his initial PCR brief, defendant argued ineffective assistance of appellate counsel because appellate counsel failed to raise the argument on direct appeal that petitioner's sentences for attempted murder and threat to kill resulted in double punishment for the same offense because the elements of the two offenses are the same. Defendant is simply incorrect.
>
> [...]
>
> In reading the statutes, it becomes clear that the offense of attempted murder and threat to kill are substantially different offenses, having different elements.
>
> (Opinion of Appellate Division at 8-9 (April 4, 2008).)

Petitioner's challenge to the state court's sentencing is not reviewable in this Court; he has presented no cogent argument why his sentence is unconstitutional.  This Court finds that Petitioner's sentence is not grossly disproportionate to the crime he committed.

The decision of the Appellate Division was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented.  Petitioner is not entitled to relief on this ground.

F.   Claims Regarding Ineffective Assistance of Counsel (Grounds 3, 4, 11, 14, 15, 16, 17, 18, 19, 20)

Petitioner asserts various claims of ineffective assistance of trial and appellate counsel.[2]

The Counsel Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right ... to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  The right to counsel is "the right to effective assistance of counsel."  McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970) (emphasis added).

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show both that his counsel's performance fell below an objective standard of reasonable professional assistance and that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different.  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  A "reasonable probability" is "a probability sufficient

---

[2]To the extent that Petitioner makes any claims that PCR counsel was ineffective, those claims are not cognizable on habeas review and will be dismissed.  See 28 U.S.C. § 2254(i).

16

to undermine confidence in the outcome." Strickland at 694. Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

The performance and prejudice prongs of Strickland may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." Id. at 697.

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. As a general matter, strategic choices made by counsel after a thorough investigation of the facts and law are "virtually unchallengeable," though strategic choices "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Id. at 690-91. If counsel has been deficient in any way, however, the habeas court must determine whether the cumulative effect of counsel's errors prejudiced the defendant within the meaning of Strickland. See Berryman v. Morton, 100 F.3d 1089, 1101-02 (3d Cir. 1996).

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment guarantees a defendant the effective assistance of counsel on a first direct appeal as of right. Evitts v. Lucey, 469 U.S. 387 (1985). The Strickland standard for effective assistance of counsel applies to appellate counsel. See Lewis v. Johnson, 359 F.3d 646, 656 (3d Cir. 2004). Appellate counsel does not have a duty to advance every nonfrivolous argument that could be made, see Jones v. Barnes, 463 U.S. 745, 754 (1983), but a petitioner may establish that appellate counsel was constitutionally ineffective "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker," Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).

In this case, the state courts examined and rejected Petitioner's numerous ineffective assistance of counsel claims. A review of the state court record reflects that Petitioner was not denied effective assistance of counsel. Since Petitioner's claims on this issue are without merit, all claims regarding ineffective assistance of counsel will be denied.

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant

has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right.  No certificate of appealability shall issue.

### V.  CONCLUSION

For the reasons set forth above, the Petition must be denied.  An appropriate order follows.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: July 27, 2011

19