UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DEON R. DAVIS, | : | |
| | : | |
| Petitioner, | : | Civ. No. 08-3672 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| KAREN BALICKI, | : | |
| | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 27, 2011, this Court denied the habeas petition. The United States Court of Appeals for the Third Circuit denied a certificate of appealability on December 13, 2011. Currently pending before the Court is petitioner's motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b).[1] For the following reasons, the motion will be denied.

## II.   BACKGROUND

The factual and procedural background of this case was stated in this Court's July 27, 2011 Opinion. (*See* Dkt. No. 23.) Therefore, the Court will only provide a brief recital of the factual and procedural background relevant to deciding the instant motion.

The facts giving rise to the state charges against petitioner arose from petitioner's stabbing of his former girlfriend at her place of employment with a screwdriver. After petitioner

---

[1] Along with his Rule 60(b) motion, petitioner filed an application to proceed *in forma pauperis*. The application will be granted based on the information petitioner provides therein.

1

was detained by a security guard, police arrived at the scene and petitioner repeatedly told them that he "tried to kill the bitch." (*See* Dkt. No. 22-2 at p. 2-3.)

Petitioner was found guilty by a jury in 2000 of second-degree aggravated assault, third-degree possession of a weapon for an unlawful purpose, fourth-degree unlawful possession of a weapon, third-degree terroristic threats and first-degree attempted murder. After pursuing a direct appeal and post-conviction relief ("PCR") petition, petitioner's sentence ended up being twenty-five years imprisonment with a seventeen year parole disqualifier.

In 2008, petitioner filed a federal habeas petition in this Court pursuant to 28 U.S.C. § 2254. Most relevant to the instant motion, petitioner argued that his Confrontation Clause rights were violated when statements the victim's family made to police were admitted at trial. At trial, a police officer testified that he was told by the victim's family that she had been transported to Christiana Hospital and that she had puncture wounds of the bladder and intestine. The police officer then testified that he relayed that information to the assistant prosecutor who told him to charge petitioner with attempted murder.

In analyzing petitioner's Confrontation Clause claim, the Court's previous Opinion recited the state court's analysis of this claim; specifically that court stated as follows:

> With respect to his *Crawford* argument, defendant contended that "[t]he victim's family statement to police went directly to the extent of the offenses charged." He claims that since there was no medical evidence admitted at trial on the extent of the victim's injuries, the allegations of the aggravated assault and attempted murder were based solely upon the family's statement which he was not permitted to cross examine in violation of *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). There is no merit to this argument.
>
> We first note that defendant was sentenced on April 25, 2000. Our decision on direct appeal was rendered on December 17, 2001 and the Supreme Court denied certification on April 25, 2002. Consequently, defendant's appeals were not in the pipeline when

2

> *Crawford* was decided on March 8, 2004 and it cannot be applied retroactively. *Whorton v. Bockting*, 549 U.S. -, 127 S. Ct. 1173, 167 L. Ed. 2d 1 (2007).
>
> Even if we were to address the merits of defendant's *Crawford* claim, we find no merit in it. In *Crawford*, the Court determined that a testimonial statement, which cannot be cross-examined by the defendant, violates the Sixth Amendment confrontation clause of the United States Constitution. Defendant maintains that the charge of attempted murder was added after the victim's family notified the police that the victim underwent surgery for her wounds. He claims that there was no other basis for the attempted murder charge. The record indicates, however, that there is substantial first-hand evidence of attempted murder. The victim, herself, testified that defendant inflicted nine stab wounds to her head, chest, arms, stomach and back. She testified that she went from Salem Memorial Hospital, where she was first treated, to Christiana Hospital in Delaware, where she had surgery to repair puncture wounds to her small intestines. Photographs of the victim's wounds were admitted into evidence and defendant had the opportunity to fully cross-examine the victim with respect to the seriousness of her wounds.
>
> The officer on the scene testified to the nature and extent of the victim's wounds based upon his first-hand observations. Defendant had the opportunity to fully cross-examine the officer.
>
> Moreover, the arresting officers testified that while defendant was in the police car, he said, "I tried to kill the bitch," and as defendant was being escorted from the store, he repeatedly said, "I tried to kill the bitch," "I wanted to kill the bitch." When he was placed in the police car, defendant said, "You better move out of the way because I'll take your gun, I'll go back in and kill the bitch" or "I'll go back in and shoot her." Defendant had the opportunity to fully cross-examine the officers.
>
> The record demonstrates that there was sufficient evidence to prove attempted murder beyond a reasonable doubt without reference to the family's statement, and there was no *Crawford* violation with respect to that charge.

(Dkt. No. 22-2 at p. 9-11.) After reciting the state court's analysis of this claim, this Court held that the state court's decision did not result in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States

3

Supreme Court or resulted in a decision that was based on an unreasonable determination of the facts. (*See* Dkt. No. 23 at p. 8-9.)

Approximately seventeen months after the Third Circuit denied a certificate of appealability, petitioner filed the instant Rule 60(b) motion in this Court. In the motion, petitioner claims that he is entitled to relief under Rule 60(b)(5) and 60(b)(6) because the Court did not rule on whether his Confrontation Clause rights were violated through the admission of the victim's family members statements to police. Additionally, he claims that *Crawford* should be applied retroactively. The Court will consider these arguments in turn.

### III.     RULE 60(B)(5) & (6) STANDARD

Rule 60(b)(5) provides in relevant part that a court "may relieve a party . . . from a final judgment, order or proceeding" if "it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." FED. R. CIV. P. 60(b)(5). "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)). The moving party bears the burden of establishing that changed circumstances exists. *See id.*

Rule 60(b)(6) is a catch-all provision and provides that a party may be relieved from a final judgment or order for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). However, obtaining relief under Rule 60(b)(6) requires extraordinary and special circumstances. *See Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004) (citation omitted). "Such

circumstances rarely occur in the habeas context." *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

A petitioner seeking to invoke Rule 60(b)(5) or (6) must file his motion "within a reasonable time." FED. R. CIV. P. 60(c)(1). The amount of time that constitutes a "reasonable time" is not defined by the Rule and turns on the circumstances of each case. *In re Diet Drugs (Phentermine/Fenfluramine/Dexfednfluramine) Product Liability Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010).

### IV.  DISCUSSION

For purposes of this Opinion, the Court will assume, without deciding, that petitioner filed his Rule 60(b) motion within a "reasonable time." For the following reasons, the motion will be denied on the merits.

In the July 27, 2011 Opinion, the Court recited the state court's adjudication of petitioner's Confrontation Clause claim. Contrary to petitioner's argument, the state court properly interpreted petitioner's argument as one relating to the out-of-court statements the victim's family members made to the police. It then determined that *Crawford* was not retroactively applicable, but that even if it was, petitioner still would not be entitled to relief. Subsequently, this Court determined that the state court's decision was not an unreasonable application of clearly established federal law nor resulted in a decision based on an unreasonable determination of the facts. Neither the state court nor this Court mistook petitioner's specific argument as relating to the victim or the officers' statements as petitioner claims in his Rule 60(b) motion. Indeed, this Court specifically recited to the state court's decision that analyzed whether petitioner's Confrontation Clause rights were violated by the introduction of the victim's family statements to police.

Additionally, contrary to petitioner's argument in the motion, *Crawford* is not retroactively applicable to his case for the reasons stated by the state court. Indeed, the state court specifically cited to the applicable United States Supreme Court decision in *Whorton v. Bockting*, 549 U.S. 406, 421 (2007) that holds that *Crawford* is not applicable to petitioner on collateral review in this case.

Accordingly, neither of petitioner's arguments in his motion has merit. Therefore, the motion will be denied.

## V.     CERTIFICATE OF APPEALABILITY

To appeal an order disposing of petitioner's Rule 60(b) motion, a certificate of appealability must issue. *See Hickman v. Cameron*, No. 13-1917, 2013 WL 3802394, at *1 (3d Cir. July 23, 2013) (citing *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999); 28 U.S.C. § 2253(c)(2)). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## VI.    CONCLUSION

For the foregoing reasons, petitioner's Rule 60(b) motion will be denied and a certificate of appealability shall not issue. An appropriate order will be entered.

DATED:   October 17, 2013

                       s/Robert B. Kugler
                       ROBERT B. KUGLER

                                              United States District Judge